Michelle T. Friend
Hedger Friend, PLLC
2800 Central Avenue, Suite C
Billings, Montana 59102
mfriend@hedgerlaw.com
 (406) 896-4100
Attorneys for Plaintiffs BNSF Railway Company
And National Railroad Passenger Corp. d/b/a Amtrak

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

---

| | |
|---|---|
| **BNSF RAILWAY COMPANY, and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,** | Civil Action No.: |
| **Plaintiff,** | |
| v. | **COMPLAINT AND JURY DEMAND** |
| **NORBY, INC. and ROCKY NORBY,** | |
| **Defendants.** | |

---

Plaintiffs, BNSF Railway Company ("BNSF") and National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), by their attorneys, Hedger Friend, for their complaint against Norby, Inc. and Rocky Norby (hereinafter "Norby") (collectively "Defendants") states:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as this is an action between residents of different states and the amount in controversy exceeds $75,000. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1349, as Amtrak was created by an Act of Congress (45 U.S.C. § *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24101, *et seq.*, and one-half of Amtrak's capital stock is owned by the United States.

2. BNSF is a corporation incorporated in Delaware, with its principal place of business in Texas. Amtrak is a corporation incorporated under the laws of the District of Columbia, with its principal place of business in the District of Columbia.

3. Norby, Inc. is a Montana profit corporation with its principal place of business in Sidney, Montana.

4. Rocky Norby was an individual domiciled in Sidney, Montana.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b), since the facts and circumstances giving rise to this claim occurred in Roosevelt County within in the District of Montana, Great Falls Division.

## COUNT I
### (Negligence against Defendants)

6. BNSF and Amtrak repeat and reallege the allegations contained in Paragraphs 1 through 5 and incorporate them herein.

7. On May 29, 2020, Amtrak Train #7 ("Train 7") was traveling at or near Bainville, Montana, along its usual route of commercial travel, operating in accordance with all safety rules and regulations.

8. On said date, Rocky Norby operated farming equipment across a rail crossing at approximately Mile Post 165.4 in Bainville, Montana ("the crossing").

9. On said date, the farming equipment was owned by and/or registered to Defendant Norby, Inc.

10. At the time Defendant Norby drove the farming equipment across the crossing, and at all times relevant hereto, Norby was acting in the course and scope of his employment with and/or on behalf of Norby, Inc.

11. Defendants controlled and/or operated their vehicle in a negligent, careless, and reckless manner as it approached and drove over the crossing.

12. In so doing, Defendants' negligent, careless, and reckless conduct caused their vehicle to collide with property owned, operated, and maintained by Amtrak, including but not limited to, Train 7 ("the incident") and track structures owned, operated, and maintained by BNSF.

## A. AMTRAK

13. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak's property was caused damage, including significant physical damage to Train 7's Locomotives 9 and 818 and Cars 32003, 38030, 31006, 34107, 33012, 34092, 32082, and 61027.

14. As a result of Defendants' negligence, carelessness, and recklessness, the damaged Train 7, Amtrak's Train #8 ("Train 8"), and the next-scheduled Train 7 were delayed in its commercial travel, resulting in significant operational cost and expense to Amtrak and inconvenience to its passengers.

15. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak lost the use of two locomotives and eight cars for an extended period of time, and incurred the cost of transporting damaged cars, resulting in significant operational cost and expense to Amtrak and interference with its business.

16. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak was required to incur the cost of meals, lodging, and alternative means of travel for its passengers, and to issue transportation certificates and refunds to passengers who Amtrak was unable to transport to their final destination due to the incident.

17. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak incurred significant expense in responding to the scene of the incident.

18. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak was required to pay its host railroad, BNSF Railway, for resources BNSF Railway expended as a result of the incident.

19. As a further result of Defendants' negligence, recklessness, or carelessness, Amtrak has incurred and will incur other related expenses and costs, including but not limited to, the cost of investigating the circumstances of the accident and of responding to inquiries and investigation of federal and state agencies, the cost of accident cleanup, the cost of medical care for Amtrak's employees (Amtrak has already paid $33,656.71 in medical expenses associated with the incident for its employees, and expects to continue to be required to pay its employees' medical expenses associated with this incident for the foreseeable future), the cost of settling lawsuits filed by Amtrak's employees and passengers, the costs of defending lawsuits arising out of this incident, the costs associated with the settlement and/or satisfaction of any judgments of passenger claims for damages associated with their alleged injuries, and the costs of filing this suit, legal fees, and other damages.

20. As a direct and proximate result of said negligence, carelessness, and recklessness of Defendants, including by and through their agents, Amtrak was proximately caused to incur damages to date, as described above, in an amount exceeding $1,590,417.80, and is continuing to incur damages.

## B. BNSF

21.    As a result of Defendants' negligence, carelessness, and recklessness BNSF's property was caused damage, including significant physical damage to its track structures.

22.    As a result of Defendants' negligence, carelessness, and recklessness, BNSF lost the use of its tracks for an extended period of time and BNSF's trains G-AGMVAW9-28, S-LPCTAC1-26, Z-CHCSSE7-28, Z-CHCPTL7-28, H-NTWPAS1-28, G-CLFVAW9-28, G-BTRTAC9-29, V-NTWPTS4-26, H-NTWPAS1-29, S-STPTAC1-29, Z-SSECHC7-28, Z-PTLCHC7-28, Q-PTLCHC1-27, S-TCPLPC1-26, U-FEPTND0-15, Q-SSECHC1-27, H-PASMIN1-28, X-RGTMEC9-26, S-SEPLPC1-28, V-TACLPC1-28, U-AWATIO4-27, X-TACBTR9-26, and V-PTSLPC1-28 were delayed in its commercial travel, resulting in significant operational cost and expense to BNSF, inconvenience to its customers, and interference with its business.

23.    As a result of Defendants' negligence, carelessness, and recklessness, BNSF incurred transportation labor costs for multiple crews and engineering labor for replacement of damaged track.

24.    As a result of Defendants' negligence, carelessness, and recklessness, BNSF incurred significant expense in responding to the scene of the incident,

6

including but not limited to consultant and derailment services and environmental response and remediation.

25. As a direct and proximate result of said negligence, carelessness, and recklessness of Defendants, including by and through their agents, BNSF was proximately caused to incur damages to date, as described above, in an amount equal to or exceeding $549,419.21.

## COUNT II
### (Contribution)

### A. AMTRAK

26. Amtrak repeats and realleges the allegations contained in Paragraphs 1 to 20 and incorporates them herein.

27. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak has incurred and will continue to incur the expenses and costs alleged in Paragraphs 19 and 20 of the Complaint.

28. While Amtrak denies that it was in any way negligent, careless, or reckless, as Defendants' negligence, carelessness, or recklessness was the sole cause of the accident, and if not the sole cause, its proportionate fault was far greater than that which might be attributed to Amtrak.

29. Consequently, Amtrak is entitled to contribution against Defendants pursuant to § 27-1-703, MCA and applicable law, and Defendants should be required to pay Amtrak the amount of all expenses, costs and damages pled at

Paragraphs 19 and 20 of the Complaint, that Amtrak has incurred and/or will incur, that are proportionately equal to the amount of Defendants' wrongdoing with respect to the incident.

### B. BNSF

30.　BNSF repeats and realleges the allegations contained in Paragraphs 1 through 12 and Paragraphs 21 to 25 and incorporates them herein.

31.　As a result of Defendants' negligence, carelessness, and recklessness, BNSF has incurred and will continue to incur the expenses and costs alleged in Paragraph 25 of the Complaint.

32.　While BNSF denies that it was in any way negligent, careless, or reckless, as Defendants' negligence, carelessness, or recklessness was the sole cause of the accident, and if not the sole cause, its proportionate fault was far greater than that which might be attributed to BNSF.

33.　Consequently, BNSF is entitled to contribution against Defendants pursuant to § 27-1-703, MCA and applicable law, and Defendants should be required to pay BNSF the amount of all expenses, costs and damages pled at Paragraph 25 of the Complaint, that Amtrak has incurred and/or will incur, that are proportionately equal to the amount of Defendants' wrongdoing with respect to the incident.

## COUNT III
### (Total Equitable Indemnity)

### A. AMTRAK

34. Amtrak incorporates the allegations contained in Paragraphs 1 through 20 and Paragraphs 26 through 29 above.

35. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak has incurred and will continue to incur the expenses, costs and damages pled in Paragraphs 19 and 20 of the Complaint.

36. Amtrak was not negligent, careless or reckless. Accordingly, pursuant to applicable law governing equitable indemnity, any and all expenses, costs, and damages pled at Paragraphs 19 and 20 of the Complaint that Amtrak was or will be required to pay should be borne by Defendants, and Defendants are required to totally indemnify Amtrak for those damages.

### B. BNSF

37. BNSF incorporates the allegations contained in Paragraphs 1 through 12, Paragraphs 21 to 25, and Paragraphs 30 through 33 above.

38. As a result of Defendants' negligence, carelessness, and recklessness, BNSF has incurred and will continue to incur the expenses, costs and damages pled in Paragraph 25 of the Complaint.

39. BNSF was not negligent, careless or reckless. Accordingly, pursuant to applicable law governing equitable indemnity, any and all expenses, costs, and

damages pled at Paragraph 25 of the Complaint that BNSF was or will be required to pay should be borne by Defendants, and Defendants are required to totally indemnify BNSF for those damages.

## COUNT IV
### (Equitable Subrogation)

### A. AMTRAK

40. Amtrak incorporates the allegations contained in Paragraphs 1 through 20, Paragraphs 26 through 29 and Paragraphs 34 through 36 above.

41. As a result of Defendants' negligence, carelessness, and recklessness, Amtrak has incurred and will continue to incur the expenses, costs and/or damages alleged in Paragraphs 19 and 20 of the Complaint.

42. Consequently, under the principles of equitable subrogation, Defendants should be compelled, in the interests of justice, equity, and good conscience, to pay to Amtrak an amount equal to any and all expenses, costs, and damages that Amtrak has incurred and will incur, as pled in Paragraphs 19 and 20 of the Complaint.

### B. BNSF

43. BNSF incorporates the allegations contained in Paragraphs 1 through 12, Paragraphs 21 to 25, Paragraphs 30 through 33, and Paragraphs 37 through 39 above.

44. As a result of Defendants' negligence, carelessness, and recklessness, BNSF has incurred and will continue to incur the expenses, costs and/or damages alleged in Paragraph 25 of the Complaint.

45. Consequently, under the principles of equitable subrogation, Defendants should be compelled, in the interests of justice, equity, and good conscience, to pay to BNSF an amount equal to any and all expenses, costs, and damages that BNSF has incurred and will incur, as pled in Paragraph 25 of the Complaint.

**WHEREFORE** Amtrak prays judgment against Defendants in an amount exceeding $1,590,417.80, together with interest and costs of suit, and such other and further relief as this Court deems proper.

**WHEREFORE** BNSF prays judgment against Defendants in an amount equal to or exceeding $549,419.21, together with interest and costs of suit, and such other and further relief as this Court deems proper.

### JURY DEMAND

Amtrak and BNSF hereby demand a trial by jury of all issues so triable.

DATED this 27th Day of May.

                                      HEDGER FRIEND, PLLC

                                      By: /s/ Michell T. Friend
                                      Attorney for Plaintiffs